IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DWAYNE J. NORTON,

    Plaintiff,

vs.                                    Case No. 4:07cv114-MP/WCS

HARRY LEE ANSTEAD, et al.,

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

Plaintiff has submitted a petition for writ of certiorari, doc. 1, and a motion for leave to proceed *in forma pauperis*, doc. 2, and supporting financial affidavit, doc. 3. Plaintiff is an inmate incarcerated within the custody of the Florida Department of Corrections, currently confined at Florida State Prison in Raiford, Florida.

Plaintiff has previously filed several civil rights cases in this district. Plaintiff has not disclosed within his "petition" that he filed those cases, nor has he mentioned that he has had more than three cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) which count as "strikes" under § 1915(g). Case 4:05cv104-MP was dismissed on January 4, 2006, for failure to state a claim, which counts as a "strike" under § 1915(g). Doc. 24 of that case. In case 4:05cv166-WS, Plaintiff attempted to file a petition for writ

of mandamus, and that case was dismissed as frivolous on July 22, 2005. Doc. 11 of that case. Plaintiff appealed the dismissal and the appeal was dismissed by the Eleventh Circuit as frivolous. Doc. 24 of that case. Those two dismissals count as two additional "strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff also filed another civil rights case, number 4:05cv261-RH, which was similarly dismissed by this Court for failure to state a claim and because the claims were brought against a defendant who is immune from monetary relief. Docs. 17, 20 of that case. That dismissal is Plaintiff's fourth strike in this Court.[1]

As Plaintiff attempted to do previously, he is once again attempting to circumvent acknowledging the prior § 1915 dismissals in submitting this case as a petition for writ of certiorari. Plaintiff's actions in submitting this case are in bad faith.

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* in federal court and his motion, doc. 2, must be denied. The instant petition does not allege that Plaintiff is under imminent danger of serious physical injury and, thus, the allegations do not bring Plaintiff within the "imminent danger" exception to the three "strikes" bar of § 1915(g). Indeed, this Court lacks jurisdiction to review an order from the Florida Supreme Court and the instant petition, doc. 1, is also frivolous as a matter of law. This case should be dismissed.

---

[1] Plaintiff has also had case 4:05cv506, case 4:06cv173, and case 5:05cv176 dismissed *sua sponte* under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis*. When considering all of the dismissals in this Court, and adding them to the dismissals from the Middle District, Plaintiff has had *at least* fifteen § 1915 dismissals. Thus, Plaintiff is well aware that he is not entitled to proceed *in forma pauperis* and must simultaneously pay the filing fee for a civil case he wishes to litigate in the federal courts.

Case No. 4:07cv114-MP/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** because Plaintiff is not entitled to proceed *in forma pauperis* under § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 22, 2007.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv114-MP/WCS